IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moneva Walker, *et al*.,   Case No. 3:20-cv-02176

      Plaintiffs,

      v.

Cedar Fair, L.P., *et al*.,   **ORDER**

      Defendants.

This is a putative class action arising out of the wholly cancelled or otherwise abbreviated 2020 season at Defendants Cedar Fair, L.P. and Cedar Fair Management, Inc.'s various amusement parks.

Plaintiffs, the putative class members, were 2020 season passholders at Defendants' amusement parks. They seek to obtain compensation for themselves and other similarly situated persons for the partial and/or complete closure, due to the Covid-19 pandemic, of Defendants' amusement parks.

Before me is Defendants' motion to strike class allegations. (Doc. 63 and Sealed Doc. 64). Plaintiffs opposed the motion (Doc. 69), and Defendants filed a reply (Doc. 74 and Sealed Doc. 75).

For the reasons that follow, I deny the motion without prejudice to Defendants raising the same or similar arguments at the appropriate time; *i.e.*, in their opposition to the motion for class certification.

**Background**

In previous opinions and orders in this case, I have set forth the background facts underlying the allegations in this lawsuit. I incorporate my most recent factual background recitation here. *See Walker v. Cedar Fair, L.P.*, No. 20-2176, 2024 WL 1580109, at *1-*2 (N.D. Ohio, April 11, 2024).

**Legal Standard**

Defendants move under Federal Rule of Civil Procedure 12(f), which states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Defendants alternatively move under Rule 23(c), which governs class certification. They cite several cases where a district court did not wait for a fully briefed class certification motion to evaluate whether certain allegations in the complaint could plausibly satisfy Rule 23's requirements. *See, e.g., Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244 (S.D. Ohio 2017).

**Discussion**

Defendants seek to have me strike Plaintiffs' Unjust Enrichment and Money Had and Received claims because "the many individualized inquiries inherent in Plaintiffs' unjust enrichment claim preclude a finding of commonality." (Doc. 64, PgID. 868). They argue that, "under Ohio law … resolution [of this claim] requires an individualized inquiry into the particular circumstances of each potential class Plaintiff." (*Id*. at PgID. 861).

As set forth above, Rule 12(f) motions should be brought within 21 days after service of the pleadings. There is no doubt that Defendants failed to file their motion within 21 days after being

served with the pleadings in this case. (*See* Doc. 18, *Second Amended Complaint*, dated March 17, 2021; *and see* Doc. 64, *Motion to Strike*, dated January 4, 2024). Accordingly, the Rule 12(f) motion is untimely.

Moreover, Rule 12(f) motions present a "drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1993). Defendants have not set forth any reasons why I should undertake this "drastic remedy" at this stage of the case, as opposed to when the issue becomes ripe, *i.e.*, when I rule on class certification as a whole.

As discussed above, Defendants alternatively bring this motion as a preemptive Rule 23(c) motion. *Progressive Health, supra,* and similar cases caution that a preemptory evaluation of class certification issues is strongly disfavored.[1] *Id*. at 244-45 ("This Court has repeatedly held, however, that courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.") (quotations omitted).

Plaintiffs filed their motion for class certification on February 1, 2024. (Docs. 76, 77). Earlier, on September 15, 2023, the parties proposed a briefing schedule for class certification that contemplated Defendants' response to Plaintiffs' motion within 30 days of filing. (*See* Doc. 55). I

---

[1] I could interpret the present motion as one more appropriately brought under Rule 12(c), which states: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The problem for Defendants is that they brought a Rule 12(c) motion in this case already. Both the Federal Rules of Civil Procedure, and I as a district judge, disfavor piecemeal motions that slowly chip away at the claims, as opposed following the briefing schedules I have already ordered that would address these issues once ripe and with greater efficiency.

3

adopted the parties' proposed schedule. (*See* 9/22/2023 Minute Entry, Order adopting proposed briefing schedule).

Rather than follow the ordered schedule, Defendants jumped ahead and, on January 4, 2024, filed this preemptory motion. The same day, Defendants sought to stay class discovery. (Doc. 65). They also sought to continue the briefing schedule on class certification. (Doc. 76). In other words, Defendants seek both to delay when class certification is ripe, and defeat Plaintiffs' anticipated class certification arguments, at the same time. Defendants' approach is not an efficient use of the parties, or my, time.

I agreed to hold the briefing schedule on class certification in abeyance while I decided Defendants' motion for judgment on the pleadings. (*See* 3/12/2024 Minute Order). Now that I have issued that decision (Doc. 81), there is no need for further delay and I have issued an order with an updated briefing schedule for the class certification motion. (*See* Doc. 86).

In any event, my work on this case so far, and my work on this motion, have now caused me to raise the question of: is the general and often-repeated statement that class certification is not appropriate in cases of Unjust Enrichment, a statement of Ohio procedural or Ohio substantive law? The parties shall, of course, discuss this question among the others raised in the Plaintiffs' motion for class certification.

Once class certification is fully briefed, I will consider Defendants' arguments, if raised in their opposition to class certification, regarding whether it is appropriate to certify a class of Plaintiffs with Unjust Enrichment and Money Had and Received claims.

**Conclusion**

It is, therefore, ORDERED THAT:

Defendants' motion to strike be, and hereby is, denied. (Docs. 63, 64).

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge
