IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Moneva Walker, *et al.*,             Case No. 3:20-cv-02176

      Plaintiffs,

    v.

Cedar Fair, L.P., *et al.*,             **ORDER**

      Defendants.

This is a putative class action arising out of the wholly cancelled or otherwise abbreviated 2020 season at Defendants Cedar Fair, L.P. and Cedar Fair Management, Inc.'s various amusement parks.

Plaintiffs, the putative class members, were among the 2020 season passholders at Defendants' thirteen amusement parks. They seek compensation for themselves and other similarly situated persons for the partial and/or complete closure, due to the Covid-19 pandemic, of Defendants' amusement parks.

Before me is Defendants' motion to certify questions to the Ohio Supreme Court. (Doc. 84). Plaintiffs opposed the motion (Doc. 93), and Defendants filed a reply (Doc. 101).

For the reasons that follow, I deny Defendants' motion to certify questions to the Ohio Supreme Court.

**Background**

I have set forth the background facts underlying this case in multiple Opinions and Orders and I adopt the background set forth in my recent Order Denying Defendants' Motion for Partial Judgment on the Pleadings (the "Order"). (Doc. 81, PgID. 1408–10).

In the Order, I determined that Plaintiffs satisfied the "prior notice" requirement under the Ohio Consumer Sales Practices Act ("CSPA") codified in OHIO REV. CODE ANN §§ 1345.09(B). (*See*, *generally*, Doc. 81.) Defendants disagree with this ruling and ask that I certify a question to the Ohio Supreme Court to ask it whether my ruling was the correct interpretation of the CSPA.

**Legal Standard**

Regarding certified questions, the Ohio Supreme Court Rules state that:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

Ohio. R. Prac. S. Ct. 9.01.

Whether to certify a question of law is within my "sound discretion." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (citations omitted).

Generally, courts:

> "will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves," *Pennington v. State Farm Mut. Auto. Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009) (citation and internal quotation marks omitted). In appropriate cases, however, certification "save[s] time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros.,* 416 U.S. at 391, 94 S.Ct. 1741 (footnote omitted).

*In re Amazon.com, Inc.*, 942 F.3d 297, 300 (6th Cir. 2019), *certified question answered*, 255 A.3d 191 (Pa. 2021).

**Discussion**

In the Order, I found that the relevant law, OHIO ADMIN. CODE 109:4-3-02(D) ("Subsection 02(D)"), is straightforward and written in plain English. It sets forth a "reasonably clear and

principled course," *In re Amazon.com, Inc.*, *supra*, 942 F.3d at 300, and gives a supplier a "fair warning" of the conduct that violates the CSPA. *Marrone*, *Amato v. Gen. Motors Corp.*, 11 Ohio App. 3d 124, 8 (1982). (*See* Doc. 81).

Defendants' motion rehashes many of the points that they already presented in their motion for partial judgment on the pleadings. (*See* Doc. 61). For example, they argue that: (1) the decision in *Nicols v. R.J. Reynolds Tobacco Co.*, Summit C.P. 99-cv-11-4539 (Aug 11, 2000), cited with approval by the Ohio Supreme Court in *Marrone v. Phillip Morris USA*, *Inc.*, 110 Ohio St. 3d 5, 7 (2006), compels a different outcome; and (2) the two decisions in the Southern District of Ohio, *Ewalt v. GateHouse Media Ohio Holdings II, Inc.*, No. 19-cv-4262, 2021 U.S. Dist. LEXIS 40258 (S.D. Ohio March 4, 2021) and *Miranda v. Xavier Univ.*, 594 F. Supp. 3d 961 (S.D. Ohio 2022), compel a different outcome from my ruling.

I thoroughly explained my reasons for rejecting Defendants' arguments on these same points in the Order. (Doc. 81). I will not repeat those reasons here again, except to say that Defendants have not presented any new or different facts or law that would persuade me to re-evaluate whether my decision was well-founded.

This case has been pending since September 2020; it is nearly four years old. Plaintiffs first raised a CSPA claim in their Second Amended Complaint, filed on March 17, 2021. (Doc. 18, ¶¶ 59, 153–65).

At that time, I had already stayed portions of this case pending the outcome of the Ohio Court of Appeals' review of the Erie County, Ohio Court of Common Pleas decision in *Valentine v. Cedar Fair Amusement Co.* (*See* Doc. 17). Only now, eighteen more months after the Ohio Supreme Court reached its final decision in *Valentine*, do Defendants seek advice from the Ohio Supreme Court on this issue.

3

Plaintiffs' opposition correctly notes that, "The appropriate time to seek certification of a state-law issue is before a District Court resolves the issue, not after receiving an unfavorable ruling." *City of Columbus, Ohio v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012).

Once Plaintiff added CSPA claims to this case, Defendants immediately caught on to other potential legal implications. Indeed, Defendants filed at least four separate motions related to the application of Ohio law to this case in their efforts to dispose of the CSPA claims at the outset. (*See, e.g.*, Docs. 19, 30, 42, 61).

Yet, this issue escaped Defendants' attention at that time. Indeed, this issue did not become pressing for Defendants until I ruled in a way with which they disagree. Defendants' sudden need for the Ohio Supreme Court to determine this "matter of great public importance" is untimely at best, and disingenuous at worst.

Defendants are undoubtedly familiar with the fact that I disfavor motions for reconsideration. *See* "Civil Case Preferences" under "Additional Information" tab at https://www.ohnd.uscourts.gov/content/judge-james-g-carr. It would seem from the timing and content of this motion that it is a thinly veiled attempt to have me reconsider my rulings in the Order, which I decline to do.

Defendants' reply brief notes that they expected a different outcome in the Order based on some of the comments I made on this code section at earlier hearings. I make it my practice to let parties know my non-binding views in hearings to elicit their contentions and arguments on those matters. Those non-binding comments do not necessarily reflect what I will ultimately find after my full evaluation of the parties' arguments.

In sum, Defendants have not met their burden to show that I should certify this question to the Ohio Supreme Court. I deny the motion.

**Conclusion**

It is, therefore, ORDERED THAT:

    Defendants' motion to certify issues to the Ohio Supreme Court (Doc. 84) be, and the same hereby is, denied.

SO ORDERED.

                                                   */s/James G. Carr*
                                                   Sr. U.S. District Judge