IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONEVA WALKER, et al., | : | CASE NO.: 3:20-cv-02176 |
| | : | |
| Plaintiffs, | : | JUDGE JAMES R. KNEPP |
| v. | : | |
| | : | |
| CEDAR FAIR, L.P., et al., | : | |
| | : | |
| Defendants. | : | |

**JOINT STATUS REPORT**

Now come the Parties, and pursuant to this Court's March 20, 2025, non-document Order, hereby file this Joint Status Report.

I. **Plaintiffs' Position**

Plaintiffs propose the following schedule:

| Event | Original deadline | Plaintiffs' proposal |
|---|---|---|
| Deadline to take fact discovery of proposed class representatives | March 20, 2025 (on extension) | June 1, 2025 |
| Deadline for Defendant's brief in opposition to Plaintiff's motion to substitute, amend, and modify class definition | March 20, 2025 (on extension) | June 15, 2025 |
| Deadline for Defendant to depose Plaintiff's expert | March 31, 2025 | May 15, 2025 |
| Defendant's *Daubert* motion deadline | April 22, 2025 | June 15, 2025 |

1

| | | |
|---|---|---|
| Plaintiffs' opposition to Defendant's *Daubert* motion | May 5, 2025 | July 15, 2025 |
| Defendant's *Daubert* reply deadline | May 13, 2025 | August 1, 2025 |
| Remaining fact discovery closes | June 2, 2025 | July 1, 2025 |
| Defendant's expert disclosure and report deadline | July 1, 2025 | August 1, 2025 |
| Deadline for Plaintiffs to depose Defendant's experts | July 30, 2025 | September 1, 2025 |
| Plaintiffs' *Daubert* motion deadline | August 15, 2025 | October 1, 2025 |
| Defendant's opposition to Plaintiffs' *Daubert* motion(s) | August 29, 2025 | October 15, 2025 |
| Plaintiffs' *Daubert* reply deadline | September 5, 2025 | November 1, 2025 |
| Dispositive Motions deadline (if no defense expert) | N/A | August 1, 2025 |
| Dispositive Motions deadline (if defense expert) | N/A | October 1, 2025 |

This certified class action has been pending since 2020. It is appropriate to have a schedule in place through dispositive motions, to advance this case towards resolution. Plaintiffs' proposed schedule tracks the deadlines previously ordered by Judge Carr.

Judge Carr certified this case on September 24, 2024 (Dkt. 117) and allowed Plaintiffs to move to substitute representatives (Dkt. 120), which Plaintiffs timely did on December 13, 2024. (Dkt. 123). The parties were then permitted over two months for depositions of these new representatives, which after extensions, put the deadline at March 20, 2025. See Dkt. 120, March 3, 2025 non-document Order). During this period, Cedar Fair completed the depositions of six

proposed new class representatives. Dkts. 125-26, 129-30, 132, 135. The Court also ordered other case deadlines, through dispositive motions, as noted above.

With these deadlines recently vacated, Cedar Fair does not want to re-set a schedule, but instead seeks to postpone *even discussing* a schedule until June, on the basis that it needs to first take Plaintiff Stewart and Ms. Mickle's depositions. But there is no reason why Ms. Mickle's deposition and Plaintiff Stewart's deposition (should this Court permit it) cannot occur over the next two months, as Plaintiffs propose. Cedar Fair can then file its brief in opposition to Plaintiffs' motion to substitute, amend, and modify the class definition two weeks thereafter, as in the originally-ordered schedule. This will keep this case on track and moving towards resolution. Cedar Fair's proposal—to not even set a schedule now—would create further undue delay for this 4 ½ year-old case.

Ms. Mickle's deposition

To prosecute her claim and advance this case, Ms. Mickle has decided to sit for deposition and will not file a motion to quash. Her deposition date has been confirmed for May 8, 2025.[1] This date is consistent with Plaintiffs' proposed schedule.

A second deposition of Ms. Stewart

Cedar Fair asserts that it is entitled to a second deposition of Ms. Stewart. Since Cedar Fair has already deposed her once (in May of 2024), it bears the burden to seek leave of court under Fed. R. Civ. P. 30 (a)(2)(A)(ii). Under the Court's discovery dispute procedures, the way for

---

[1] Cedar Fair suggests that Plaintiffs only recently disclosed that Ms. Mickle assigned her claim to her mother, Ms. Stewart (who bought the pass for her then-minor daughter). But Plaintiffs expressly disclosed this in their proposed amended complaint, filed back in December. Dkt. 123-1 ¶5 ("Ms. Stewart's daughter, now an adult, has assigned Ms. Stewart all rights to pursue her daughter's claims."). Cedar Fair did not suggest that it needed a copy of this assignment until March. And Cedar Fair will now have the opportunity to depose Ms. Mickle on the assignment.

3

Cedar Fair to seek that leave would be to promptly initiate another discovery conference and get the dispute resolved. But rather than promptly doing so, Cedar Fair suggests that the mere existence of this potential dispute should delay entering a schedule. The Court should reject that argument: if Cedar Fair intends to seek leave to depose Ms. Stewart again, it must do so immediately, via the Court's discovery procedures. And if the Court orders it, her deposition can occur within Plaintiffs' proposed schedule.[2]

Cedar Fair also suggests it will need second depositions of other proposed class representatives (the 6 depositions it just recently took). But as with Ms. Stewart, it has failed to timely invoke the Court's discovery dispute procedure and instead is raising the specter of a potential dispute to justify delay. And in any scenario, under Plaintiffs' schedule, it has two months to seek such relief and complete any additional depositions, if the Court rules it is entitled to them.

Cedar Fair is not seeking to get disputes promptly resolved and move this case forward: it is seeking delay. The Court should reject that strategy and adopt Plaintiffs' schedule. This is especially important, given the age of this case.

## II. Cedar Fair's Position

Defendants do not believe the above referenced case schedule proposed by Plaintiffs is appropriate at this time. For the reasons outlined below, Cedar Fair requests this Court set a status

---

[2] Cedar Fair cannot show good cause to depose Ms. Stewart again. It will already have opportunity to depose Ms. Mickle (the assignor) about the assignment. And contrary to what Cedar Fair contends, while Judge Carr focused discovery on certification, he did not bifurcate the depositions or limit what Cedar Fair could ask Ms. Stewart at her last deposition. Indeed, Cedar Fair asked Plaintiff Stewart a broad range of questions bearing on both class certification and the merits at her deposition. Dkt. 105-6. And other than the assignment, Cedar Fair does not identify anything it was unable to ask Ms. Stewart during her last deposition.

4

conference for early-June 2025 to address remaining discovery issues (if any), or to discuss a further case schedule and timing for the response to Plaintiffs' pending motions.

On March 5, 2025, Cedar Fair issued and served a subpoena to Arrianna Mickle to appear for a deposition at 154 Columbus Ave, Sandusky, OH 44870, Reminger Co., LPA, at 10:00am on March 18, 2025. See Subpoena, March 5, 2025 (Doc. 136-5). Plaintiffs objected to the subpoena, and the Parties met and conferred on March 13, 2025. On March 14, Plaintiffs provided, for the first time, a purported Assignment of Rights between Arrianna Mickle and Mandi Stewart dated November 29, 2024. (Doc. 136-1). That document states Mickle, for consideration of $1.00, assigned "her right, title, and interest . . . regarding [her] 2020 Season Pass" to Mandi Stewart. *Id.*

On March 18, 2025, Cedar Fair filed a Motion to Continue the case management schedule pending the resolution of the discovery dispute with respect to Mickle's deposition. (Doc. 136). Cedar Fair further requested the Court to allow a second deposition of Mandi Stewart given the Assignment of Rights. *See* Doc. 136-1. Both depositions were very clearly requested by Defendant in its motion filed with this Court.

1. <u>March 19, 2025 Discovery Dispute Hearing</u>

This Court set a hearing for March 19, 2025. During that hearing, Cedar Fair provided its position to the Court regarding (1) the relevancy of Mickle's deposition testimony; (2) cause for the second deposition of Mandi Stewart; and (3) request to continue the case management. Plaintiffs opposed the subpoena of Mickle, and did not address Cedar Fair's request to depose Mandi Stewart.

During the hearing, the Court indicated a willingness to order Mickle to sit for a deposition. In response, Plaintiffs' counsel stated Plaintiff Stewart would withdraw as a class representative. The Court therefore ordered Plaintiffs to file a motion to quash by March 31, 2025, should Mickle

5

refuse to sit for a deposition, and in turn, if Stewart intended to withdraw as a class representative. *See* Non-Document Order (March 20, 2025). Alternatively, if Mickle agreed to sit for a deposition, the parties are to file a Joint Status Report by March 31, 2025.

2. <u>Mickle agrees to sit for deposition, and Plaintiffs oppose Stewart deposition</u>

On March 20, 2025, Plaintiffs stated "Ms. Mickle has reconsidered her position in light of the judge's decision yesterday and will appear for deposition." Cedar Fair provided deposition dates for Mickle in late-April and May 2025.

Separately, on March 20, 2025, Plaintiffs opposed Cedar Fair's request to take Mandi Stewart's deposition. Notably, this issue was raised during the March 19, 2025, hearing, but was not addressed by Plaintiffs given their representation that Stewart would withdraw as a class representative. The basis for Plaintiffs' opposition is that Stewart was previously deposed on May 29, 2024, with respect to class discovery matters.

Cedar Fair continues to assert it is entitled to take Mandi Stewart's deposition in light of the Assignment of Rights which was purportedly executed 6 months following her class-discovery deposition, and which was only provided to Cedar Fair on March 14, 2025. Plaintiffs contend the Assignment was disclosed in the Amended Complaint (Doc. 123-1) in December 2024. That reasoning is off point because (1) the Assignment contract was not attached to the Amended Complaint as required by Rule 10, and (2) that disclosure still occurred 7 months after Stewart was deposed. Plaintiffs' position is that Stewart is the sole rights holder currently representing classes of hundreds-of-thousands class members; Cedar Fair should be permitted to depose her in this new capacity.

Furthermore, Cedar Fair has always been permitted to re-depose <u>all</u> of the class representatives and individual Plaintiffs under the Court's April 30, 2024, Order, which states:

"Defendants requested that I permit them to conduct limited discovery in advance of filing their opposition to the motion to class certification. I grant this request. Defendants may undertake discovery **related to the class certification motion no later than June 3, 2024.**" The transcript of that hearing is also on the docket. (Doc. 100). The Court limited the deposition to class certification issues only with an intention to allow for broader discovery should a class ultimately be certified.

3. Recommendation

Cedar Fair provided dates for Mickle's deposition to occur in April or May 2025, and believes it should be entitled to depose Stewart during the same time period. However, because of Plaintiffs' apparent opposition, Cedar Fair reserves its position regarding Stewart's deposition presently. Following Mickle's deposition, Cedar Fair will revisit the issue of Stewart's deposition with Plaintiffs and the Court, if necessary.

Given the ongoing dispute, Cedar Fair believes setting a case management schedule at this time is premature, and instead recommend this Court set a status conference for early-June 2025 to set a schedule, or to address discovery issues if any remain.

Respectfully submitted,

*/s/ David R. Hudson*
David R. Hudson (0084988)
Taylor C. Knight (0089531)
Jorden R. Messmer (0102652)
REMINGER CO., L.PA.
One SeaGate, Suite 1600
Toledo, Ohio 43604
Phone (419) 254-1311
Fax    (419) 243-7830
E-Mail: dhudson@reminger.com

Brian D. Sullivan (0063536)
REMINGER CO., L.P.A.
101 West Prospect Avenue
Suite 1400

7

Cleveland, Ohio 44115-1093
(216) 687-1311
(216) 687-1841 Fax
E-mail: bsullivan@reminger.com

*Counsel for Defendants Cedar Fair, L.P. and Cedar Fair Management, Inc.*


*/s/Nicole T. Fiorelli*
Nicole T. Fiorelli (#0079204)
**DWORKEN & BERNSTEIN, CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391           (440) 352-496 Fax
Email: nfiorelli@dworkenlaw.com

Jonas Jacobson (CA 269912)
Simon Franzini (CA 287631)
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

Richard M. Kerger (OH 0015864)
Kimberly A. Conklin (OH 0074726)
The Kerger Law Firm, LLC
4159 N. Holland-Sylvania Rd. Suite 101
Toledo, Ohio 43623
Telephone: (419) 255-5990
Facsimile: (419) 255-5997
Email: rkerger@kergerlaw.com
         kconklin@kergerlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    A copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David R. Hudson*
David R. Hudson (0084988)
